## UNITED STATES *v.* CRESCA CO., INC.

**No. 5628.**—Invoice dated Lisbon, Portugal, May 16, 1939.
Certified May 17, 1939.
Entered at New York, N. Y., June 2, 1939.
Entry No. 31838.

(Decided March 4, 1942)

*Paul P. Rao*, Assistant Attorney General (*Dorothy C. Bennett*, special attorney), for the plaintiff.
No appearance for the defendant.

OLIVER, Presiding Judge: This is an appeal to reappraisement under section 501 of the Tariff Act of 1930 filed by the collector of customs from the value found by the United States appraiser at the port of New York on a certain importation of sardines exported from Lisbon, Portugal.

The merchandise in question was imported in tins of two sizes, and is invoiced as follows:

50 cases containing each 100/4 usual 22 m/m (quarters) tins with 5/7 boneless and skinless sardines in pure olive oil.
100 cases containing each 100/4 amer. 30 m/m (halves) tins with 10/12 boneless & skinless sardines in pure olive oil.

The merchandise was appraised as entered on the basis of export value which was expressed in English currency and fixed at £1 7s. 5d. per case, less 10 per centum, on the first item and £2 4s. 10d. on the second item. It is claimed that the proper basis for appraisement is foreign value.

The record herein consists of the uncontradicted testimony of the examiner whose advisory return formed the basis of the appraiser's finding of export value. The witness testified that subsequent to his original action he obtained information from different sources, including the country of exportation of these sardines, which revealed a foreign value for this merchandise, as expressed in Portuguese currency of 151 escudos per case, net, packed, for the first invoice item, and 246.53 escudos per case net, packed, for the second invoice item.

Converting the values in pounds sterling and escudos, hereinabove set forth, into dollars at the rates of exchange in effect on the date of exportation of this merchandise, I find that the values testified to by the witness as being the foreign value, are higher than those found by the appraiser to be the export values, and therefore hold the said foreign values to be the proper dutiable values herein.

On the basis of the evidence adduced herein which is undisputed, I find as a matter of fact:

(1) That the merchandise in question consists of sardines exported from Lisbon, Portugal, in tins of two sizes.

(2) That the proper basis for appraisement of this merchandise is foreign value, as such value is defined in section 402 (c) of the Tariff Act of 1930.

(3) That such foreign value for the sardines invoiced as "50 cases containing each 100/4 usual 22 m/m (quarters) tins with 5/7 boneless and skinless sardines in pure olive oil" is 151 escudos per case, net, packed.

(4) That such foreign value for the sardines invoiced as "100 cases containing each 100/4 amer. 30 m/m (halves) tins with 10/12 boneless & skinless sardines in pure olive oil" is 246.53 escudos per case, net, packed.

I therefore hold as a matter of law that the proper dutiable value of the sardines covered by the importation in question is foreign value, as such value is defined in section 402 (c) of the Tariff Act of 1930; and that such foreign values are those set forth in findings of fact (3) and (4).

Judgment will be rendered accordingly.